## C. L. NEAL v. STATE.

No. A-10825.   March 24, 1948.
(192 P. 2d 294.)

Logan, Cummins & Oerke, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The defendant, C. L. Neal, was charged by information filed in the county court of Comanche county with the offense of transporting persons for the purpose of prostitution, was tried, convicted and sentenced to serve one year in the county jail, and has appealed.

At the beginning of the trial the record discloses the following proceedings occurred:

"By the Court: The Court asks that all persons in the court room leave the court room except those actually engaged in the trial of this case, and that the doors of the courtroom be closed and that said hearing be held thence forward behind closed doors, and that the Bailiff is instructed to remove all other persons from the hearing and presence of this Court.

"By Jack Cummins: Comes now the defendant and moves for a mis-trial on the grounds that invoking the rule of all persons from the court room is prejudicial to the rights of the defendant and put the purview of a doubt in the jury's mind establishing that this defendant has something to hide or cover up, therefore it is highly prejudicial to the rights of this defendant.

"By the Court: Overruled.

"By Jack Cummins: Exceptions." C.M. 9.

At the conclusion of the evidence for the state, counsel for the defendant stated:

"By Jack Cummins: Comes now the defendant and renews his motion for a mis-trial at this time for the reason that the trial has been conducted in violation of Art-

icle 2, Section 20, of the Constitution of the State of Oklahoma, which requires that the defendant be given a speedy and public trial." C.M. 46.

This motion was overruled with an exception allowed to the defendant.

It is insisted that the action of the trial court in excluding all persons from the courtroom and directing that the trial be held behind closed doors violated the constitutional right of the defendant to a public trial.

Apparently this court has never had occasion to decide the particular question involved as no decision of this court is cited in either of the briefs filed herein, and in our research upon this question we have been unable to find any decision of our court on this question.

The Constitution of Oklahoma provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: * * *." Art. 2, § 20, Oklahoma Constitution.

Similar constitutional provisions are set forth in many other state Constitutions and the 6th Amendment to the United States Constitution likewise contains a similar provision.

In the case of Davis et al. v. United States, 8 Cir., 247 F. 394, which case involved a prosecution in the United States District Court for the Eastern District of Oklahoma, the Circuit Court of Appeals of the 8th Circuit held:

"1. Under Const. U. S. Amend. 6, declaring that in all criminal prosecutions the accused shall enjoy the right to a public trial, it is error to exclude all persons excepting relatives of the defendants, members of the bar,

and newspaper reporters, because feeling between the partisans of the prosecution and defense had risen to a high point, and it was reported that some of the witnesses were intoxicated; it appearing that, though the courtroom had become crowded, the court had previously merely cleared the aisles, and that many spectators who were decorous were excluded, only a few persons being admitted through the favor of the bailiff, and therefore such direction to clear the courtroom must be deemed to have deprived defendants of a public trial.

"2. Where the order of the court directing that the courtroom be cleared of all spectators except relatives of the defendants, members of the bar, and newspaper reporters deprived defendants of a public trial guaranteed by the Constitution, and prejudice will be implied, and an affirmative showing that defendants were harmed is unnecessary to justify reversal."

In the body of the opinion it is stated:

"We appreciate the better position of the trial court to appraise the significance of surrounding conditions, but we cannot avoid the conviction that it acted upon the representations of those who did not adequately realize the great importance of keeping a place where the justice of the nation is judicially administered a public place for the admission of peaceful citizens. An intoxicated man could have been excluded or removed; the aisles and passageways could have been kept clear; when the seats were filled, other spectators could have been denied at the door; if the noise in the lobbies interfered with the proceedings, the lobbies could have been cleared; and individuals whose conduct outside the courtroom made their presence within a menace might have been excluded. But it is quite a different thing to exclude the public generally, regardless of their conduct or character.

"The Sixth Amendment provides that 'in all criminal prosecutions the accused shall enjoy the right to a * * * public trial.' The provision is one of the important safeguards that were soon deemed necessary to round out

the Constitution, and it was due to the historical warnings of the evil practice of the Star Chamber in England. The corrective influence of public attendance at trials for crime was considered important to the liberty of the people, and it is only by steadily supporting the safeguard that it is kept from being undermined and finally destroyed. As the expression necessarily implies, a public trial is a trial at which the public is free to attend. It is not essential to the right of attendance that a person be a relative of the accused, an attorney, a witness, or a reporter for the press, nor can those classes be taken as the exclusive representatives of the public. Men may have no interest whatever in the trial, except to see how justice is done in the courts of their country."

In the case of State v. Beckstead, 96 Utah, 528, 88 P. 2d 461, the syllabus reads:

"2. The trial court's order, excluding all spectators except witnesses from courtroom before trial for carnally knowing female, was erroneous as depriving defendant of constitutional right to 'public trial.' Rev. St. 1933, 20—7—1, 20—7—2; Const. art. 1, § 12.

"3. The right to public trial being guaranteed by Constitution, defendant in criminal case may demand it, and denial thereof by trial court is presumed prejudicial. Const. art. 1, § 12."

In the opinion it is stated:

"The error complained of in the exclusion order may seem technical. It is, however, fundamental. We are of the opinion that the order excluding all spectators including friends and relatives of the Defendant was error. The Constitution of this State, Sec. 12, Article 1, provides, among other things, that in criminal prosecutions the accused shall have the right to a speedy public trial. That section is discussed in a case similar to the instant case in State v. Jordan, 57 Utah, 612, 196 P. 565; also State v. Bonza, 72 Utah, 177, 269 P. 480; State v. Smith, 90 Utah, 482, 62 P. 2d 1110, and cases cited there-

in. In the cases first cited, what constitutes a public trial is considered as well as a reference to Cooley's Constitutional Limitations. In all of those references, it is laid down as requisite that in a criminal prosecution the trial must be public. The order in the instant case deprived the Defendant of a public trial within the meaning of Section 12 of Article 1 of the Constitution of Utah * * * In criminal causes the constitution neither classifies nor limits the public in its right to attend criminal prosecutions. * * *

"The fact that the order was later modified by advising relatives that they might return and the further fact that some of them did return could not affect the consequences of the error. The original order was carried out during a portion of the trial."

In the case of Tanksley v. United States, 9 Cir., 145 F. 2d 58, 156 A. L. R. 257, the headnotes read:

"1. Prejudice to one charged with crime, from a denial of the constitutional right to a public trial, will be presumed.

"2. The exclusion of the general public from the courtroom during a trial on a charge of having raped a married woman of ninteen years, to which the defense was consent, cannot be justified on the ground of embarrassment to the prosecuting witness.

"3. One of the main purposes of the requirement that the trial on a criminal charge be open to the public is the reasonable possibility that persons unknown to the parties or their counsel, but having knowledge of the facts, may be drawn to the trial."

Following the report of this case in 156 A. L. R., supra, there is an extensive annotation of the authorities on the question here involved which supports the reasoning of the cases hereinabove cited.

It appears from a consideration of these cases that the courts of all states whose Constitution guaranteed one accused of crime the right of public trial, were in agreement upon the proposition that the accused may insist upon the trial being absolutely open and public, except insofar as there is some good reason for excluding certain persons or classes, in which event these, and these only, may be excluded. It would appear that while the trial judge may for special causes exclude any spectators from the courtroom, yet he cannot make the order of exclusion extend further than the special issues warrant in the particular case. A sweeping order such as has been made in this case cannot be sustained. To do so is to say that the constitutional guaranty of a public trial is an empty promise. It not alone affects the accused but the public also is interested in knowing how their servants, the judge, county attorney, sheriff, and court clerk conduct public business.

For the reason that the defendant was denied his constitutional right to a public trial, the cause is reversed and remanded with instructions to the county court of Comanche county to grant the defendant a new trial.

BAREFOOT, P. J., and JONES, J., concur.