UNITED MERCANTILE CO., INC. *vs.* WILLIAM RYAN.

MAY 25, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of debt on judgment which was brought originally in the district court of the sixth judicial district for damages of $100 as laid in the writ. The defendant failed to answer on the return day and was defaulted. Subsequently on September 4, 1959 by agreement of the parties the default was removed and the case reinstated. On the same day they stipulated in writing that the following entry be made, "By Agreement. Decision for plaintiff for $100.00 & costs." Thereupon the plaintiff duly appealed to the superior court.

In that court it moved to increase the ad damnum in the writ to $400, which was denied. At the trial before another justice, plaintiff proved the amount of the debt due as $327.22, but the trial justice decided that it was entitled to a decision for only $100, the amount of the ad damnum. The case is here on plaintiff's exceptions to such decision and to the denial of its motion to increase the ad damnum.

The plaintiff contends that the justice of the superior court erred in denying its motion to amend the ad damnum

and that the trial justice also erred in restricting his decision to the amount of such ad damnum after the full amount of the debt had been proved. The plaintiff further contends that it was not only within the power of the justice of the superior court to increase the ad damnum but it was his duty to do so in the interest of justice. The defendant concedes that a justice of the superior court has such power but he contends that the granting of relief is not a matter of right but rests in his sound discretion and that this court will disturb the decision of a justice of the superior court only where it appears that he has abused his discretion.

It is well settled that an amendment of the ad damnum laid in the writ rests in the sound discretion of the court. And we have repeatedly held that a decision made in the exercise of discretionary power should not be disturbed "unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof." *Vingi* v. *Trillo*, 77 R. I. 55, 60; *Durepo* v. *Watson*, 75 R. I. 51; *Strzebinska* v. *Jary*, 58 R. I. 496; *Tillinghast* v. *Iverson*, 50 R. I. 23; *MacKenzie & Shea* v. *R. I. Hospital Trust Co.*, 45 R. I. 407; *Camire* v. *Camire*, 43 R. I. 489.

From the record before us it does not appear on what ground plaintiff claims the justice who denied the motion abused his discretion. In fact there is no showing at all and the reason appears to be that plaintiff was under the impression that it was entitled to amend as a matter of right. The record also fails to show that plaintiff moved to amend when the case was tried before the trial justice. Neither the transcript nor the jacket entries indicate that any such motion was made at that time. In the circumstances there was nothing the trial justice could do but restrict his decision to the amount of damages laid in the writ. Therefore, in the absence of any showing that the denial of its motion to amend was a clear abuse of discre-

tion this court will not disturb either the ruling or the decision.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*A. Anthony Susi,* for defendant.