214 A.2d 382.

STATE *vs.* PETER CYRULIK.

NOVEMBER 19, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

PAOLINO, J. This is a criminal complaint charging that on May 18, 1962 the defendant "Did knowingly have in his possession a certain slip or certificate such as is used in carrying on, promoting and playing the game commonly known as policy-lottery or policy." After a hearing before a justice of the superior court sitting with a jury the defendant was found guilty. The case is before us on his exceptions to the overruling of his demurrer to the complaint, to the ruling of the trial justice excluding certain

potential witnesses from the courtroom, to the ruling denying the defendant's motion to dismiss after the state's opening statement, to certain evidentiary rulings, to the denial of his motion for a directed verdict, to a ruling denying the defendant's motion to pass the case, to the ruling of the trial justice to charge as requested, to a certain portion of the charge to the jury, and to the denial of his motion for a new trial.

We note at the outset that the instant case arose from the same incident involved in *State* v. *Tutalo,* 99 R. I. 14, 205 A.2d 137. On the day of his arrest defendant was the passenger in the car driven by Robert R. Tutalo when the latter was also arrested. This case, however, has an additional factor not present in *Tutalo, supra,* namely, a ruling by the trial justice, at the beginning of the trial and in the absence of the jury, granting the state's motion to exclude from the courtroom all persons who might possibly appear as witnesses. This ruling excluded one Robert R. Tutalo and one Frank Morris, both of whom were then awaiting trial on identical charges arising out of the same incident on which the complaint in the case at bar is predicated.

The defendant has briefed his exceptions, which number 58, under seven main issues. Those briefed and argued under issues 1, 2, 3, 4, 6 and 7 were briefed and argued in *State* v. *Tutalo, supra,* and after careful consideration were overruled by this court. No useful purpose will be served by repeating what we said there. The issues raised by those exceptions are controlled by our decision in *State* v. *Tutalo, supra,* and are therefore overruled.

Under issue 5 defendant argues that the exclusion from the courtroom of witnesses to the event out of which the complaint arose constituted prejudicial error, even without an affirmative showing of prejudice. He contends that such exclusion violated his constitutional right to a public trial under art. I, sec. 10, of the constitution of Rhode Island and, in substance, that the constitutional right of public

trial is a substantial one and therefore mandatory unless exceptional circumstances, absent here, require the trial judge to clear the courtroom. He cites numerous decisions to support his position. See *People* v. *Byrnes*, 84 Cal. App.2d 72; *People* v. *Jelke*, 308 N. Y. 56; *United States* v. *Kobli*, 172 F.2d 919; *Neal* v. *State*, 86 Okla. Crim. 283; *Davis* v. *United States*, 247 Fed. 394; *State* v. *Keeler*, 52 Mont. 205. We have examined these authorities and in our opinion they do not help defendant. We hold that the ruling in question did not constitute prejudicial error.

A public trial is one in which the doors of the courtroom are open and the public admitted. 14 Am. Jur., Criminal Law, §§139, 140, pp. 864, 865. No claim is made here that the public as a whole, or any portion thereof, was denied admittance, or that the doors of the courtroom were barred. Fundamentally, we think the issue presented here only indirectly raises that of defendant's constitutional right to a public trial and that the basic question before us pertains to the power of the trial court to exclude witnesses from the courtroom.

The great majority of jurisdictions follow the English rule that a trial justice may exclude witnesses from a criminal trial for the purpose of affording a check upon them or an opportunity to assure a better likelihood of arriving at the truth. In such circumstances a defendant in a criminal case cannot complain that he was denied a public trial. *State* v. *Worthen*, 124 Iowa 408; *State* v. *Quirk*, 101 Minn. 334. It has been generally held that the question of exclusion is within the sound discretion of the trial justice. *State* v. *Cottone*, 52 N. J. Super. 316; 53 Am. Jur., Trial, §31, p. 46. The exercise of that discretion will not be disturbed except in the clearest cases of abuse. *Leache* v. *State*, 22 Tex. App. 279.

On the record before us we cannot say that the trial justice abused his discretion. The state's motion to exclude was made because there were two other cases called ready

for trial that morning which involved the same incident and these individuals might be called as witnesses in all the cases arising from such incident. Two of the potential witnesses, Tutalo and Morris, were the defendants in those proceedings. In the circumstances, it was not an abuse of discretion to exclude them from the courtroom. The state's failure ultimately to call Tutalo and Morris as witnesses is immaterial on this record. Since there were valid reasons to believe they might be called, the trial justice was warranted, in the exercise of his discretion, to exclude them.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.