**UNITED STATES of America,
Appellee,**

v.

**Paul Phillip STRAUSS, Appellant.**

**No. 72–1685.**

United States Court of Appeals,
Third Circuit.

Submitted Dec. 1, 1972.

Decided Jan. 23, 1973.

Paul B. Pollack, Manuel Grife, Gever & Grife, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., and Richard R. Galli, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before BIGGS, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Paul Phillip Strauss appeals from his conviction on all counts under a twenty count indictment charging him with violations of 18 U.S.C. § 1341, the Federal Mail Fraud statute. The conviction, based on a jury verdict, resulted from an advance fee scheme designed to defraud potential borrowers in the collection of site inspection fees with regard to mortgage loan applications. Defendant's motions for a new trial and a judgment of acquittal were denied by the district court. This appeal followed.

Defendant's first contention is that the district court abused its discretion in permitting Postal Inspector Ogle to be present at trial, as an exception to a sequestration order, and thereafter to testify as a government witness. We disagree. Inspector Ogle aided in the compilation and presentation of more than 800 documents which were admitted as

government exhibits, and the government requested that he not be sequestered with the other witnesses so that he could sit at the counsel table and assist in the conduct of the trial. The exclusion of witnesses from the courtroom is within the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed absent clear abuse. *E. g.*, DeRosier v. United States, 407 F.2d 959, 961 (8th Cir. 1969); Powell v. United States, 208 F.2d 618, 619 (6th Cir. 1953); cert. denied, 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104 (1954). No abuse of discretion existed here for it is well settled that the prosecution is permitted to have a representative of the agency that is actually prosecuting the accused present in court to advise counsel for the government, even though that person also testifies as a witness. *E. g.*, United States v. Wells, 437 F.2d 1144, 1146 (6th Cir. 1971); Schoppel v. United States, 270 F.2d 413, 416–417 (4th Cir. 1959); Powell v. United States, *supra.*

In addition, the purpose for sequestering a witness is "to prevent the shaping of testimony by witnesses to match that given by other witnesses." United States v. Cozzetti, 441 F.2d 344, 350 (9th Cir. 1971). Since Ogle's testimony related only to a summary of records discussed *infra* and did not depend on any prior testimony, even the rationale for the sequestration of Ogle was absent in this case.

Defendant's second argument is that the district court erred in permitting the admission into evidence of a summary prepared by Ogle of certain of defendant's business records. The general rule is that a summary is admissible where records are lengthy, provided cross-examination is allowed and the original records are available. *See, e. g.*, United States v. Smallwood, 443 F.2d 535, 540 (8th Cir. 1971), cert. denied, 404 U.S. 853, 92 S.Ct. 95, 30 L.Ed.2d 93 (1971); McDaniel v. United States, 343 F.2d 785, 789 (5th Cir. 1965), cert. denied, 382 U.S. 826, 86 S.Ct. 59, 15 L.Ed. 2d 71 (1965); United States v. Goldberg,

330 F.2d 30, 43 (3d Cir. 1964), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964). Since the many records from which Ogle prepared his summary were admitted into evidence prior to his testimony, we find that the district court properly allowed the use of this summary as evidence. In addition, we believe that the district court correctly permitted Ogle to testify with respect to his summary.

Defendant's final claim is that the district court incorrectly charged the jury (1) on Ogle's credibility, (2) on the scheme to defraud, and (3) on intent. We have considered this contention and find that it is without merit.

The judgment of the district court will be affirmed.