Larry E. **ELROD**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–313.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1974.

William M. Allen, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant Larry E. Elrod, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–2000, for the offense of Robbery with Firearms, in violation of 21 O.S.1973 Supp., § 801, After a Former Felony Conviction. His punishment was fixed at forty (40) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

For a summary of the facts presented in evidence at the trial, see Himes v. State, Okl.Cr., 525 P.2d 1244 (Aug. 30, 1974, No. F–74–314), an appeal from a co-defendant tried conjointly with the defendant in this appeal.

In his first proposition of error, defendant Elrod alleges that his constitutional right against self-incrimination was violated by testimony produced at trial on behalf of the co-defendants. In particular, the defendant refers to the testimony given by a character witness for the Himes brothers, the Rev. Harvey G. Albright, who, on cross-examination in response to a question, admitted that if a person were an armed robber that person "would be a danger." [Tr. 179]. Defendant contends that through such remarks his right to not testify was infringed upon by putting his character in question.

We fail to see the logic in defendant's argument, especially in light of the statements that immediately followed this

testimony when the Assistant District Attorney and defendant's counsel made the following stipulations:

> "MR. McKINNEY: We would stipulate that this testimony only refers to the 2 defendants, Elmer and Earl Himes, and doesn't concern the defendant Elrod in any way.
>
> MR. ALLEN: And would further stipulate that we haven't put our character in issue at all." [Tr. 179]

Immediately following, in the record, is also found these instructions from the trial court to the jury:

> "BY THE COURT: I will just say in summation that 2 witnesses. have been presented for reputation testimony, and any others that may be presented are the defense only of the 2 Himes brothers, and not for the defendant Elrod. It is further stipulated that in doing so, in going forward with the questions of these witnesses and with the Cross Examination by the State these reputation witnesses that it does not, and I repeat does not, put in issue the character of the co-defendant Elrod." [Tr. 180]

Taking into consideration the apparent lack of reference to the defendant's failure to take the stand, and in view of the ample instruction given to the jury regarding the testimony on behalf of the Himes defendants, we accordingly find this proposition of error to be without merit.

In his second contention the defendant urges that the trial judge was not present at the bench and in control of the trial throughout the proceedings, thus prejudicing his right to a fair trial. He cites for authority Tunnell v. State, 24 Okl.Cr. 176, 216 P. 951 (1923), in which a decision was reversed by this Court after the trial judge who became ill during the course of the trial, left the court in the charge of an unauthorized person. Nowhere does the record reveal, or does defendant allege, an analogous occurrence in the instant case.

■ The defendant alleges specifically that the trial judge was not present at the bench throughout the proceedings, but he does not suggest that the judge was not at all times present in the courtroom. Nowhere does the record reflect any irregularities in the proceedings, any objections to the procedure in which the trial was being conducted, or any proof of the allegations. We further note that the defendant fails to cite, nor have we found any precedent for declaring a decision reversible, because the trial judge was not, at all times, seated at the bench. Accordingly, we find this proposition totally meritless.

■ In the third proposition of error, the defendant contends that he was denied an open, public trial, due to the exclusion from the courtroom of his father, mother and wife. Upon a thorough examination of the record, including the passages cited by the defendant in his brief, we are unable to find any support for his contention that these persons were excluded. We do find; at page 234 of the trial transcript, a request by the Assistant District Attorney that the court ask acquitted co-defendant Earl C. Himes and his wife, who had both begun to cry during the closing arguments in the second stage of the proceedings, to leave the courtroom; and that request was granted.

■■ We fail to see where the absence of an acquitted co-defendant and his wife denied the defendant a public trial. We further hold that it is clearly within the discretionary privilege of the trial judge to effect the removal of a spectator who is causing a disturbance. In Neal v. State, 86 Okl.Cr. 283, 192 P.2d 294 (1948), this Court held that a trial judge may for special causes exclude any spectator from the courtroom, yet he cannot make the order of exclusion extend further than the special issues warrant in the particular case. Clearly, in the instant case the trial judge did not abuse his discretion, nor was the defendant denied a public trial.

In his final proposition the defendant urges that the length of the sentence he received was unjustified and prejudicial. The defendant bases his contention on the fact that in the same trial, one of his co-

defendants was acquitted, one received a 20 year sentence, and he received a 40 year sentence. It should be noted that for Elmer A. Himes, who received the 20 year sentence, it was a first offense, while the defendant in this appeal, Larry Elrod, was convicted following two previous felony convictions.

 The defendant relies in his brief on Coleman v. State, 70 Okl.Cr. 246, 104 P.2d 1004, 105 P.2d 431, standing for the proposition that when a principal offender receives a lesser sentence than the less culpable defendant, the sentence of the less culpable will be reduced to equal the other sentence. The defendant argues that because witnesses testified at trial that Elmer Himes held the gun during the robbery, that Larry Elrod could not have been as criminally responsible. We fail to agree with this contention since it is a well established rule that all participants in a crime are equally principals in the crime. Further, it is ironic that after the jury found both defendants guilty they gave them equal sentences based on the minimum sentence allowed by law for the offenses of Robbery with a Firearm and Robbery with a Firearm, After a Former Felony Conviction.

Finally, in regard to defendant's plea for a modification of the sentence, we would point out that this Court has repeatedly held that we will not modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. We need only observe, in the instant case, that the punishment was within the range provided by law, and does not shock the conscience of this Court. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970).

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.