## STATE

v.

### Sandra M. MATHIAS.

No. 79–63–C.A.

Supreme Court of Rhode Island.

Dec. 10, 1980.

OPINION

MURRAY, Justice.

The defendant, Sandra M. Mathias (Mathias), was tried before a Superior Court jury and convicted on two counts of unlawful delivery of a controlled substance. Mathias is now before the court on an appeal from the judgment of conviction entered against her.[1] The facts giving rise to the charges against the defendant can be succinctly stated.

The state alleged that on July 1, 1977, Salvatore Lombardi (Lombardi), acting as an undercover narcotics agent for the Warwick police department, purchased five tablets from Mathias outside her home in that city. Four days later, Lombardi returned to Mathias's home and purchased ten additional tablets. Lombardi transacted both drug purchases at the direction and while under the surveillance of Detective David J. Robitaille (Robitaille), of the Warwick police department. Toxicological analysis of tablets from both purchases later proved them to be Phencyclidine, a central–nervous–system suppressant commonly referred to as PCP.

The defendant's trial on the charges against her commenced in the Superior Court on October 6, 1978. Present at counsel table with the prosecutor at that time was Detective Robitaille. After the jury was impaneled, the following colloquy took place:

"MR. MARTIN: At this time the defense would move to sequester all prosecution witnesses.

"THE COURT: Any objection?

"MR. COOPER: Your Honor, the State has no objections.

"THE COURT: Witnesses may be sequestered with the exception of Officer Robitaille.

Dennis J. Roberts II, Atty. Gen., John J. McMahon, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, David L. Martin, Asst. Public Defender, for defendant.

1. Specifically, Mathias was convicted on two counts of a criminal information the state had filed against her, alleging that defendant on two occasions "did unlawfully deliver * * * a controlled substance, to wit, Phencyclidine," as set forth in Schedule II of G.L.1956 (1968 Reenactment) § 21–28–2.08, as enacted by P.L.1974, ch. 183, § 2, in violation of G.L.1956 (1968 Reenactment) § 21–28–4.01(A)(2)(a), as enacted by P.L.1974, ch. 183, § 2. At trial, a judgment of acquittal was entered for defendant on a third count of the information that charged her with conspiracy to violate the Rhode Island Uniform Controlled Substances Act.

"MR. MARTIN: If Your Honor please, might I ask that the officer who stays in the courtroom be sequestered during the opening statement, when clearly he could not render any assistance to the prosecutor?

"THE COURT: I see nothing wrong in his being in. He may remain in during opening statement, but all witnesses will be sequestered.

"MR. MARTIN: May I move, Your Honor, the officer who remains in be called as the first witness by the State?

"THE COURT: No, I'm not going to tell the State how to try their case, Mr. Martin.

"MR. MARTIN: Would the Court like to see authority on this matter?

"THE COURT: From our State of Rhode Island?

"MR. MARTIN: No.

"THE COURT: No, the Court has ruled. You may have an objection."

The issues presented by this appeal are whether the trial justice's exemption of Detective Robitaille from the sequestration order, followed by his denial of defendant's motion to require the state to call Robitaille as its first witness, constituted an abuse of the trial justice's discretion.

The defendant acknowledges the fact that the sequestration of witnesses during the course of a trial is vested in the sound discretion of the trial justice but argues that the trial justice abused his discretion by exempting Robitaille, *sua sponte*, from the sequestration order without first requiring the prosecutor to show that the assistance of the detective at the trial was necessary.

■ We have recognized the inherent authority of a trial justice to sequester witnesses during the taking of testimony at a trial. *State v. Raposa*, 100 R.I. 516, 517, 217 A.2d 469, 470 (1966); *State v. Cyrulik*, 100 R.I. 282, 284, 214 A.2d 382, 383–84 (1965).

See also *State v. Mancini*, 108 R.I. 261, 272–73, 274 A.2d 742, 748 (1971). The purpose of sequestration is to prevent witnesses from shaping their testimony to match that given by other witnesses, *United States v. Strauss*, 473 F.2d 1262, 1263 (3d Cir. 1973); *Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967), thereby assuring a greater likelihood of arriving at the truth. *State v. Cyrulik*, 100 R.I. at 284, 214 A.2d at 383. See also 6 Wigmore, *Evidence* § 1838 at 461 (3d Ed.1940).

In this jurisdiction, as we have stated on a number of previous occasions, we adhere to the rule that the exclusion of witnesses from a courtroom during the taking of testimony at a trial is a matter vested in the sound judicial discretion of the trial justice and that a decision by a trial justice in the exercise of that discretion will not be disturbed by this court on appeal unless an abuse of that discretion clearly appears. *State v. Raposa*, 100 R.I. at 517, 217 A.2d at 470; *State v. Cyrulik*, 100 R.I. at 284, 214 A.2d at 383–84.

■ In the present case the trial justice granted defendant's motion to sequester the prosecution's witnesses but specifically excluded Detective Robitaille from the sequestration order.[2] Although the prosecutor did not so state, Officer Robitaille was in charge of the investigation of defendant by the Warwick police department and was undoubtedly present at counsel table to assist the prosecutor in the prosecution of the criminal information against defendant.

The defendant attempts to distinguish the present case from our decisions in *State v. Raposa* and *State v. Mancini* by noting that in each of the latter cases there was evidence in the record showing that the prosecutor required the assistance of the police officer at trial. She asserts that in the present case the record is devoid of any evidence to indicate that it was necessary

**2.** Although not in controversy here, the trial justice also granted the state's motion to se-

quester defendant's witnesses.

for Detective Robitaille to assist the prosecutor at trial. We do not find this argument persuasive.

The presence at counsel table of the officer or detective in charge of the investigation of a defendant in order to assist the prosecutor in the presentation of his case is a frequent practice in the Superior Court. In our opinion, the trial justice's granting of defendant's motion to exempt Detective Robitaille from the sequestration order without requiring the prosecutor to demonstrate a need for the assistance of the detective did not constitute the kind of patent abuse of discretion warranting interference by this court.

The gravamen of Mathias's other contention is that the trial justice further abused his discretion by refusing to grant defendant's motion that Detective Robitaille be called as the prosecution's first witness. In support of this contention, defendant argues that the trial justice's denial of her motion had the effect of rendering the sequestration in this case meaningless. She points out that Officer Lombardi testified at trial that the Warwick police department paid him $3.50 per hour for his undercover work and that he also received an additional $10 for each illegal purchase of drugs he made. Thus, one of Mathias's theories of defense was that Lombardi fabricated the purchase of drugs from her in order to increase his compensation. Detective Robitaille was present at all times in the courtroom and was allowed to hear both the direct and cross–examination of Lombardi. As a result, defendant asserts, an effective cross–examination of Robitaille to establish this defense was seriously undermined.

■ The orderly and expeditious handling of trials requires that a trial justice be afforded latitude in his or her management of events occurring during a trial. Thus, under our established practice the conduct of a trial in the Superior Court is left to the sound judicial discretion of the trial justice. *Pucci v. Algiere*, 106 R.I. 411, 428, 261 A.2d

1, 11 (1970); *Webbier v. Thoroughbred Racing Protective Bureau, Inc.*, 105 R.I. 605, 616–17, 254 A.2d 285, 291 (1969). It is also well settled that the regulation of the order of proof at trial is within the discretion of the trial justice. *State v. Benevides*, R.I., 420 A.2d 65, 68 (1980); *State v. LaPlume*, 118 R.I. 670, 681, 375 A.2d 938, 943 (1977); *Vigneau v. La Salle*, 111 R.I. 179, 182, 300 A.2d 477, 479 (1973). Encompassed in this discretion is the right of the trial justice to determine the order in which witnesses will testify. As is the case with our review of other discretionary rulings by a trial justice, we shall not disturb his or her actions thereon unless it clearly appears that the discretion has been improperly exercised or that there has been an abuse thereof. *See e. g., Matracia v. Matracia*, R.I., 378 A.2d 1388, 1391 (1977); *Berberian v. Travisono*, 114 R.I. 269, 273–74, 332 A.2d 121, 124 (1975); *United Mercantile Co. v. Ryan*, 91 R.I. 58, 60, 161 A.2d 197, 198 (1960).

However, as we have stated in other contexts, this court will not lightly undertake to review an exercise of judicial discretion on the part of a trial justice. *Cavanagh v. Cavanagh*, 118 R.I. 608, 625, 375 A.2d 911, 919 (1977). We have noted that when trial counsel desires an exercise of the trial court's judicial discretion, it is incumbent upon him or her to invoke such action by making the appropriate motion wherein the purpose thereof is clearly and expressly stated. *State v. Patriarca*, 112 R.I. 14, 39, 308 A.2d 300, 315 (1973); *State v. Ouimette*, 110 R.I. 747, 766, 298 A.2d 124, 136 (1972).

In the present case, defendant offered no reasons to the trial justice in support of her request that the court order the state to present Detective Robitaille as its first witness. The defendant, in her brief, points out several examples in which Robitaille's testimony was essentially the same as the earlier testimony of Lombardi. Admittedly, Robitaille's testimony relating to the events surrounding the alleged purchases of controlled substances from defendant was substantially the same in many respects as

Lombardi's; however, this similarity could very well have been the result of the witnesses' veracity rather than any type of collusion or conscious shaping of testimony. Consistent with the foregoing, we cannot say that the trial justice abused or improperly exercised his discretion in refusing to do so and, therefore, will not disturb the trial justice's decision.

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court.