Clark Allen DAVIS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–676.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1986.

Rehearing Denied Dec. 22, 1986.

E. Alvin Schay, Appellate Public Defender, Gregory E. Gore, Sp. Counsel, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Clark Allen Davis, was convicted of three (3) counts of the crime of First Degree Rape, After Former Conviction of a Felony, in the District Court of McIntosh County, in Case No. CRF–83–122 and was sentenced to thirty (30) years' imprisonment for each of the three counts, and he appeals.

On August 24, 1983, R.N., J.H. and R.G., all of whom were sixteen (16) years old, ran away from the United Methodist Children's Home and hitchhiked to R.G.'s aunt's house. R.G.'s aunt and her common law husband, later identified as the appellant, were the only people in the house. After appellant ate a meal, the five watched television for awhile and then went to a truck stop. The aunt and appellant told the three girls to go inside and flirt with the men and sleep with them for money. At this point, both R.N. and J.H. observed a gun in the aunt's purse. None of the girls solicited anyone while at the truck stop; thus, after a short while, they left the truck stop and returned to the house. Once they were back at the house, they watched television for awhile, and then decided to go to sleep. The girls changed into nightgowns, and J.H. and R.G. went into the back bedroom. Appellant told R.N. to stay in the living room with him. Appellant then told R.N. to lay down on the couch, and appellant had intercourse with her notwithstanding the fact that she said no and tried to push him off. R.N. testified that she did what he said because she was afraid of the gun that was in the purse a few inches away.

Subsequently, R.N. went back into the bedroom and went to bed. Later the same night, appellant came into the room and again had intercourse with R.N. against her will. He then got on top of J.H., who was sleeping in the same bed, and had intercourse with her against her will. Appellant left the room, but returned once again toward morning and raped R.N. for the third time. When appellant departed for the last time, the two girls got dressed and left the house.

The girls were later picked up by the police for hitchhiking, and R.N. was returned to her mother. Later, she was transported to an Oklahoma City hospital where she was examined by a doctor. The examining physician testified that she examined R.N. and found non-mobile sperm from a vaginal washing.

The State also presented the testimony of a criminologist with the Oklahoma State Bureau of Investigation (O.S.B.I.) who testified that he analyzed the contents of the rape kit and the blood type of R.N. and appellant and determined that only twelve (12) men out of one hundred could have perpetrated the crime, and that appellant was included in that group.

An O.S.B.I. agent testified that he questioned appellant on October 14, 1983, and that at that time he advised appellant of his *Miranda* rights. He stated that appellant basically told his side of the story during the interview.

Appellant's chief witness was Carolyn Stevens, R.G.'s aunt, and she testified that she slept with appellant on the night of the crimes, and that nothing happened in her house that night or she would have heard it. The appellant did not testify.

For his first assignment of error appellant contends that he did not have a public trial in violation of his rights under the Sixth Amendment to the United States Constitution in that spectators were excused from the courtroom during the testimony of the victim, R.N.

■ While it is true that there is a strong preference for public trial, this pref-

erence does not preclude a limited closure from the public where there is a clear need for excluding certain persons or classes. *Neal v. State*, 86 Okl.Cr. 283, 192 P.2d 294 (1948); *Shipman v. State*, 639 P.2d 1248 (Okl.Cr.1982).

In the instant case, the trial judge cleared the courtroom of spectators only during the testimony of R.N. In granting the prosecution's motion to clear the courtroom during her testimony, the trial court stated:

Court will grant the motion and exclude the general public for the following reasons for cause; one, the age of the alleged victim is fifteen years if she was in a juvenile proceedings the public would be excluded anyway; secondly, the defendant will have a right to confrontation, the jury will be there and can observe the demeanor and trustworthiness of the witness and I don't see that the defendant is prejudiced by it; exceptions allowed. (Tr. 7.)

■ After a thorough examination of the record before us, we are of the opinion that the trial court did not abuse its discretion in granting the prosecution's motion, since the closure was carefully limited, and the appellant suffered no apparent prejudice. Accordingly, this assignment of error is without merit.

The appellant also alleges that he did not have a public preliminary hearing in violation of his right to a public trial. However, we reject this contention for the same reasons stated in our analysis of the first assignment of error.

■ Next, appellant argues that the trial court erred when it failed to suppress agent Hogan's testimony concerning his custodial interrogation of appellant because his attorney was not present during the interrogation. We disagree.

In the present case, agent Hogan testified that when he interrogated appellant he informed him of his *Miranda* rights, and that appellant stated that he understood them and waived them. Moreover, none of the statements made by appellant were in-

criminating, but were simply a recitation of his version of what transpired on the night of the crimes. Appellant suffered no prejudice as a result of the admission of the testimony; consequently, any error was harmless. *Selsor v. State,* 562 P.2d 926 (Okl.Cr.1977). We find no error.

■ In another assignment of error appellant maintains that the serologists probability testimony was without foundation and so prejudicial to appellant that his conviction must be reversed. However, appellant failed to interpose a timely objection to this testimony at trial; thus, the alleged error was waived. *Roberts v. State,* 568 P.2d 336 (Okl.Cr.1977).

■ As his fifth assignment of error, the appellant contends that the evidence is insufficient to support his conviction. When the sufficiency of the evidence presented at trial is challenged on appeal, the proper test is whether, after viewing the evidence in the light most favorable to the State any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In the present case, both victims testified that appellant had sexual intercourse with them against their will. The testimony of each victim corroborated the testimony of the other. Additionally, the testimony of the examining physician was that he observed non-mobile sperm in a vaginal washing obtained from R.N. Viewing this evidence in the light most favorable to the State, we find that a reasonable trier of fact could have found the elements of first degree rape beyond a reasonable doubt. This assignment of error is without merit.

■ As his final assignment of error, the appellant alleges that the State improperly introduced evidence of other crimes. He argues that the State erroneously put on testimony that appellant took the victims to a truck stop for purposes of prostitution. However, this assignment was not properly

preserved for review by this Court in that no objection was made to this testimony at trial. *See Boyd v. State,* 572 P.2d 276 (Okl.Cr.1977). This assignment of error is without merit.

Accordingly, the judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

The Sixth Amendment to the Federal Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and *public trial, ...*" U.S. Const. amend. VI (Emphasis added). Forty-five states, including Oklahoma, have constitutional provisions specifically guaranteeing the right to a public trial.[1] The right to a public trial is personal to the defendant, and it is a necessary component of a fair trial. *Gannett v. DePasquale,* 443 U.S. 368, 380, 99 S.Ct. 2898, 2905–6, 61 L.Ed.2d 608 (1979) (plurality opinion). Although not absolute, this right may not be abridged without "findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984). In short, "prior to issuing a closure order, a trial court should be obliged to show that the order in question constitutes *the least restrictive means available* for protecting compelling state interests." Id. at 520, 104 S.Ct. at 830 (Marshall, J., concurring in judgment) (emphasis in original). Strict enforcement of this right is necessary to protect a fundamental and important function, which is that "the public may see that [the accused] is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their

---

1. The States are listed in *Gannett v. DePasquale,* 443 U.S. 368, 414 n. 3, 99 S.Ct. 2898, 2923 n. 3, 61 L.Ed.2d 608 (Blackmun, J., concurring in part, dissenting in part).

responsibility and to the importance of their functions." *Gannett v. DePasquale, supra,* 443 U.S. at 380, 99 S.Ct. at 2905, quoting, I Cooley, *Constitutional Limitations* 647 (8th ed. 1927).

I do not believe the reasons articulated by the trial court, and re-affirmed by the majority, provide an "overriding interest" of "higher values" sufficient to overcome the presumption of openness. *Press-Enterprise v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984). First, I cannot accept the trial court's finding that the age of the victim provides a sufficient overriding factor. The Supreme Court, in *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) held that a statute requiring closure of the courtroom during the testimony of alleged sexual victims, based on the age of the victims, is invalid, although special circumstances may permit closure on a case-by-case basis. Thus, although the victim in question here is a 15–year–old which, in and of-itself, provides no basis for the closure order. *Id.* at 607–10, 102 S.Ct. 2620–22. Furthermore, the fact the court guaranteed appellant his constitutional right to confrontation does not safeguard the purposes of the right to a public trial, as enumerated by the Supreme Court in *Gannett v. DePasquale,* and quoted above.

The State argues that the appellant has demonstrated no prejudice from the closure order. However, in this context I agree with the holding of the Eighth Circuit Court of Appeals in *Davis v. United States,* 247 F. 394 (8th Cir.1917) that "[a] violation of the constitutional right [to a public trial] necessarily implies prejudice and more than that need not appear. Furthermore, it would be difficult, if not impossible, in such cases for a defendant to point to any definite, personal injury. To require him to do so would impair or destroy the safeguard." *Id.* at 398–399. *See also Tanksley v. United States,* 145 F.2d 58 (9th Cir.1944) (closure of a trial is presumed prejudicial).

Accordingly, I dissent.