### Thomas S. LOISELLE

v.

### Ernest TRUSS and United Transportation, Inc.

No. 92–180–Appeal.

Supreme Court of Rhode Island.

June 5, 1995.

Edward J. Mulligan, Lincoln.

Deborah DiFiore Sheridan, East Greenwich, William A. Poore, Providence.

### ORDER

This matter came before a panel of the Supreme Court on May 23, 1995, pursuant to an order directing the plaintiff to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff has appealed from a judgment entered for the defendants following a jury trial in the Superior Court.

After hearing counsel in oral argument and after reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. The issues raised in this appeal will be summarily decided at this time.

In this case the plaintiff brought suit following a motor vehicle accident with a truck being operated and owned by the defendants. The trial justice instructed the jury that a rear end collision would establish a prima facie case of negligence against defendant driver. The justice went on to say that the testimony in this case showed a conflict in the evidence from which different conclusions could be drawn by them. We are satisfied that this instruction comports with the law and covered the evidence presented.

In the next issue the plaintiff claims he was prejudiced by the trial justice by not allowing his attorney to read medical affidavits to the jury that had been placed in evidence as full exhibits. The trial justice ruled that the attorney in final argument could argue and quote from the medical records and they would be available to the jury in the jury room. We have held "[t]he orderly and expeditious handling of trials requires that a trial justice be afforded latitude in management of events occurring during a trial." *State v. Mathias,* 423 A.2d 484, 487 (R.I.1980).

Lastly, the plaintiff appeals from the trial justice's denial of his motion for a new trial. The plaintiff insists that the proof of "rear end" collision made a prima facie case of negligence that was not rebutted by the defendant. However, it is clear that defendant's testimony, if believed by the jury, would justify a conclusion that plaintiff, not defendant, was at fault in the accident. Accordingly, we conclude that the trial justice did not err in denying the plaintiff's motion for a new trial.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

MURRAY and BOURCIER, JJ., did not participate.