217 A.2d 469.

STATE vs. EDWARD S. RAPOSA.

MARCH 10, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J.   This indictment charged that the defendant "did assault one William R. Pepin with intent to mur-

der him." The case was tried to a justice of the superior court sitting with a jury, which thereafter returned a verdict of guilty of "assault with a dangerous weapon." The defendant is now in this court prosecuting a bill of exceptions.

The first of these exceptions was taken by defendant to the denial by the trial judge of his motion that "I would like all the prosecution witnesses excused from the court, please." It appears from the transcript that the prosecutor did not object to the granting of this motion other than as to Sergeant William R. Pepin, the alleged victim of the assault for which defendant was being tried. The prosecution, conceding that Sergeant Pepin would be a witness, argued that he had been in charge of the investigation and that his assistance was needed in the prosecution of the indictment. The court thereupon excluded all of the prosecution witnesses but Sergeant Pepin.

This court adheres to the rule that the exclusion of witnesses from a courtroom during the taking of testimony at a trial is a matter within the sound judicial discretion of the trial justice and that such a decision will be disturbed by this court on review thereof only when an abuse of that discretion clearly appears. *State* v. *Cyrulik*, 100 R. I. 282, 214 A.2d 382. In our opinion, the denial of defendant's motion to exclude all witnesses in the instant circumstances did not constitute such an abuse of discretion on the part of the trial court.

In contending that the denial of his motion constituted an abuse of the court's discretion, defendant relies substantially on *Commonwealth* v. *Turner*, 371 Pa. 417. In that case the court found that the denial of a motion to exclude two particular witnesses constituted an abuse of the court's discretion. The defendant, as we understand him, apparently views this as implying prejudice from the very denial of such a motion standing alone. However, the court in

that case went on to hold that the denial of a blanket motion to exclude all witnesses made prior to trial without the assignment of reasons therefor did not constitute an abuse of the court's discretion. The court said that a request for sequestration of a witness or witnesses should be specific and must be supported by some reason. In the instant case no reason was given for the proposed exclusion of the witness Pepin and, that being so, we hold that the court did not err in denying that motion.

The defendant contends also that the trial justice erred in instructing the jury that under the instant indictment he could be found guilty of the crime of assault with a dangerous weapon. The trial justice charged specifically on this point as follows: "I have defined for you what an assault with intent to murder is, assault with a dangerous weapon; I think we have covered what an assault is. So that if you shall find under these instructions that the defendant is guilty of some grade of assault, but you have a reasonable doubt as to whether it is assault with intent to commit murder or assault with a dangerous weapon, you will convict the defendant of no higher offense than assault with a dangerous weapon."

The defendant concedes that where an indictment charges an offense within the averments of which is included a lesser offense, the defendant may be found guilty thereof. However, he argues that the averments of the indictment describing the manner in which the greater offense was alleged to have been committed must contain averments of the essential elements of the lesser offense. In short, the position of defendant is that an indictment charging one simply with "assault with intent to murder" does not contain the essential averments that go to make up the crime of assault with a dangerous weapon, namely, that the assault was committed through the agency of a dangerous weapon.

We are unable to agree, however, that to charge one with

the commission of an assault with intent to murder is insufficient to charge that the assault was committed through the use of a dangerous weapon. Because such an indictment is lacking in an express description of the method by which the assault was committed, it does not follow that it may not include a charge of the lesser offense within its terms. It is our opinion that to charge one with assault with intent to murder is to charge by necessary implication that the assault was or could have been committed through the use of some instrument or device capable of causing death or substantial bodily injury. In *People* v. *McCurdy,* 165 Cal. App. 2d 592, a case on which both defendant and the state appear to rely for support of their diverse contentions, the court said at page 595: "It would seem unrealistic to deny that a charge of attempted murder implies the employment of a means likely to produce great bodily injury." We agree with the conclusion of the California court as thus stated.

This court will not, even by indirection, reintroduce technicality into the pleading of criminal offenses. It was the purpose of the legislature in enacting the pertinent provisions of G. L. 1956, chap. 12 of title 12, to eliminate such technicality in criminal pleading. We do not propose now to burden the state with the task of alleging specifically in an indictment, such as the one under consideration, a description of every mechanism by which an assault intended to accomplish murder may be committed. Were we to do so, we would not only defeat the dictates of the sound public policy requiring an effective enforcement of the criminal law, but we would do violence to the purpose of the legislature in enacting statutory provisions for simplifying the procedure of charging the commission of crime.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Robert J. Ferranty, Ronald H. Glantz,* for defendant.