**STATE**

v.

**Eddie DORDAIN.**

**No. 88–268–C.A.**

Supreme Court of Rhode Island.

Nov. 30, 1989.

James E. O'Neil, Atty. Gen., Jeffrey J. Greer, Asst. Atty. Gen., Caroline Cole Cornwell, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Catherine A. Gibran, Asst. Public Defender, for defendant.

## OPINION

FAY, Chief Justice.

On October 8, 1987, a jury convicted Eddie Dordain (Dordain) of assault with a dangerous weapon upon Charles Graves (Graves) and assault with intent to murder Geraldine Spears (Spears). The defendant appeals the conviction to this court, assigning as error the trial court's instruction to the jury that assault with a dangerous weapon may be considered a lesser included offense to assault with intent to murder. Additionally the defendant contends that the trial court erred in denying his motion for a judgment of acquittal with respect to the charges of assault with intent to murder. We affirm the trial justice and sustain the conviction. The facts relevant to this appeal follow.

On September 18, 1986, in the area of the Chad Brown Housing Complex in Providence, Dordain shot Graves in the leg and stomach and Spears in the lip and arm. The testimony describing the events that occurred that day is conflicting. The first shooting occurred following a brief altercation between Dordain and Graves concerning threats Dordain had allegedly made to Graves's wife. Graves stated that a week earlier his wife, Althea Graves, testified at a hearing against Dordain. The record also reveals that Spears testified against Dordain at that same hearing.

After the shooting, Graves testified that he got into his car and chased the retreating Dordain until Graves's car subsequently rear-ended Dordain's. Graves then went to the home of a friend who took him to Rhode Island Hospital.

Dordain, testifying in his own defense, stated that he was in the Chad Brown area to meet his son, contrary to the state's contention that Dordain was in the area solely to seek revenge against Spears and Althea Graves. Furthermore, the shooting occurred in self-defense when Graves began threatening Dordain and later pulled an ice pick out of his pocket. Dordain also testified that he shot Graves in the leg to scare him but that Graves continued to threaten him resulting in Dordain pulling the trigger for a second time. Finally, Dordain's testimony contradicts Graves's testimony in that Dordain insists that Graves deliberately drove into Dordain's car.

After the automobile accident, Dordain stated, he attempted to run from Graves, who continued to pursue him. It is at this time that Dordain encountered Spears, the second shooting victim. Dordain's testimony on the record indicates that when he shot Spears, he mistook her for Graves and was unaware it was Spears he had shot until four or five hours later. He also does not remember firing more than once. Dordain, who suffers from arteriosclerosis, asserted that when he shot at Spears he was

losing consciousness, experiencing chest and leg cramps, and bleeding from a blow to the forehead from a flying object.

Spears also testified for the state and indicated that as she was standing in front of her apartment door in the Chad Brown Complex, she found Dordain standing behind her with a gun. Dordain then shot Spears twice, inflicting wounds to her upper lip and left arm. Dordain was later arrested and charged by criminal information No. P2/86–3180 with two counts of assault with intent to commit murder in violation of G.L.1956 (1981 Reenactment) § 11–5–1, as amended by P.L.1981, ch. 76, § 1.

At the close of the evidence, the trial justice instructed the jury on all relevant law, including the law on lesser included offenses. The instructions at issue are as follows:

"Now, as it relates to the charges in this particular case, again, the State is required in order for you to find this defendant guilty of assault with intent to commit murder of Mr. Graves or assault with the intent to commit murder of Miss Spears, that he did assault either or both of them with the specific intent to commit murder.

"If you find from the evidence presented that he acted in self-defense, then your verdict as it relates to that particular count should be one of not guilty. If you find the State has proven beyond a reasonable doubt that he did commit the assault, that it was without self-defense, but if you find the State did not prove that he did intend to commit murder on the body of Mr. Graves or that he did intend to commit murder on the body of Geraldine Spears, you may consider the lesser included offense of felony assault, and for felony assault the State is required to prove beyond a reasonable doubt that a defendant did assault another person; secondly, with the use of a dangerous weapon. In other words, assault with a dangerous weapon. A pistol is considered by law when loaded a dangerous weapon.

"So what I am saying to you is this. Consider the charges that have been presented against this defendant. Consider the charge of assault with intent to murder of Mr. Graves. If you find the State has proven Mr. Dordain assaulted Mr. Graves with the specific intent to kill him and the State proved beyond a reasonable doubt that he did not use the force allowed by law, your verdict should be one of guilty.

"If you find from the evidence presented, the State did not prove that Mr. Dordain did not act in self-defense, then consider whether or not the State proved the specific intent to commit murder. If the State did, find him guilty. If you find from the evidence presented, you're not satisfied beyond a reasonable doubt of the specific intent to murder, then and only then consider the lesser charge of assault upon Mr. Graves with a dangerous weapon.

"Again, a person may defend himself even to the charge of assault with a dangerous weapon if he or she acts in self-defense by using whatever force is reasonably necessary to repel the attack."

The defense promptly objected to these instructions, and that objection comes before us as the primary issue to consider on appeal. However, the court will first address defendant's additional contention that the trial justice incorrectly denied his motion for judgment of acquittal.

I

Denial of Defendant's Motion for Judgment of Acquittal

■ The defendant filed a motion for judgment of acquittal at the close of the state's case and renewed it at the end of the trial, arguing that insufficient evidence existed to support a conviction for assault with intent to murder on either Graves or Spears. In both instances, the trial justice denied the motion.

This court has, on many occasions, enunciated the standard applied when considering a motion for judgment of acquittal.

*See State v. Caruolo,* 524 A.2d 575, 580–81 (R.I.1987); *State v. Wilshire,* 509 A.2d 444, 452 (R.I.1986); *State v. Gazerro,* 420 A.2d 816, 827 (R.I.1980). The trial court, as well as this court on review, must view all evidence and inferences capable of supporting guilt by proof beyond a reasonable doubt in the light most favorable to the state. *State v. Caruolo,* 524 A.2d at 581. Furthermore, the court is precluded from considering the weight of the evidence or assessing the credibility of witnesses. *State v. Wilshire,* 509 A.2d at 452. If the evidence, as viewed in this light, could not support a jury finding of guilt beyond a reasonable doubt, the trial justice should grant the motion. *See State v. Sundel,* 121 R.I. 638, 644–45, 402 A.2d 585, 589 (1979). If, however, relying upon the evidence, a reasonable jury could find defendant guilty, the motion should be denied.

Applying these principles to the case at bar, we hold that the trial justice correctly denied defendant's motion for judgment of acquittal. The undisputed evidence adduced at trial shows that defendant shot Graves and Spears not once but twice. Although the record reveals a fair amount of contradictory testimony on the issues of self-defense and malicious intent, these were properly placed within the jury's province for deliberation. The jury resolved the issues in favor of defendant on count 1 and the state on count 2. At this juncture we cannot say that the evidence was insufficient for a reasonable jury to find defendant guilty.

## II

### Jury Instructions on Lesser Included Offense

The second issue for appeal, whether the trial justice incorrectly instructed the jury on the offense of assault with a dangerous weapon, requires a re-evaluation of Rhode Island law on the issue of the lesser included offense. The defendant urges us to

abandon our present law in favor of the standards applied in other jurisdictions.[1] Notwithstanding jurisdictional variations, we find Rhode Island statutory and case law sufficiently clear on this issue and hold that the trial court's instructions were proper.

■ By way of introduction, in order for a court to obtain the necessary jurisdiction to convict a criminal defendant, the defendant must first be put on notice of all the charges against him. *State v. Cipriano,* 430 A.2d 1258, 1260 (R.I.1981). The notification, accomplished by a formal indictment or information, "serves to inform the accused of the nature of the offense with which he is charged so that he can make an adequate defense as well as be able to avail himself of the conviction or the acquittal so that he can avoid the threat of double jeopardy." *State v. Walsh,* 113 R.I. 118, 122, 318 A.2d 463, 465–66 (1974). However, on previous occasions this court has stated that it is unnecessary for an indictment to contain each and every element of a lesser offense for it to be properly included within the charge. *State v. Raposa,* 100 R.I. 516, 519, 217 A.2d 469, 471 (1966); *see also State v. Waite,* 484 A.2d 887, 890 (R.I.1984) (technical precision in criminal pleading no longer required). Therefore, the fact that assault with a dangerous weapon was not specifically alleged in the information against defendant does not preclude a jury from considering that charge.

The statutory authority for a conviction of a lesser offense included within the indictment of a greater offense is found in G.L.1956 (1981 Reenactment) § 12–17–14 and provides:

"Conviction of lower offense or attempt.—Whenever any person is tried upon an indictment, information, or complaint and the court or jury, as the case may be, shall not be satisfied that he is guilty of the whole offense, but shall be

---

1. The defendant also contends that the trial justice erred in refusing to instruct the jury on a charge of simple assault. This contention is without merit because such an instruction is warranted only if the evidence supports a possible finding of simple assault. *See State v. Hockenhull,* 525 A.2d 926, 930 (R.I.1987); *State v. Infantolino,* 116 R.I. 303, 307, 355 A.2d 722, 724–25 (1976).

satisfied that he is guilty of so much thereof as shall substantially amount to an offense of a lower nature, or that the defendant did not complete the offense charged, but that he was guilty only of an attempt to commit the same, the court or jury may find him guilty of such lower offense or guilty of an attempt to commit the same, as the case may be, and the court shall proceed to sentence such person for the offense of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offense."

Additionally, Rule 31(c) of the Superior Court Rules of Criminal Procedure provides:

"*Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

Thus, existing statutory authority provides an accused with the right to an instruction on a lesser included offense, if warranted by the evidence. *State v. Hockenhull,* 525 A.2d 926, 930 (R.I.1987). However, "[a] charge to the jury should be confined to propositions of law related to material issues of fact which the evidence tends to support. The jury's attention should not be directed to various propositions of law unless the record contains evidence which supports and requires it." *State v. Infantolino,* 116 R.I. 303, 307, 355 A.2d 722, 724 (1976). Because there is sufficient authority for a jury instruction on a lesser included offense to the crime charged, defendant is effectively put on notice of the possible conviction of a lesser offense supported by the evidence, and may adequately prepare a defense. *State v. Sundel,* 121 R.I. at 646, 402 A.2d at 590. Furthermore, the required instruction on a lesser included offense is for defendant's own protection. This court in *Hockenhull* pointed out that "absent such an instruction, a jury may erroneously convict a criminal defendant of the principal offense charged, despite the prosecution's inability to prove an element of that offense, when the jury is convinced that defendant's conduct was criminal." 525 A.2d at 930.

■ With specific regard to this appeal, defendant contends that under both § 12–17–14 and Rule 31(c), assault with a dangerous weapon is a separate offense and, therefore, the trial justice should not have instructed the jury to consider it within the charge of assault with intent to murder. However, this court held, in *State v. Raposa,* that "to charge one with assault with intent to murder is to charge by necessary implication that the assault was or could have been committed through the use of some instrument or device capable of causing death or substantial bodily injury." 100 R.I. at 519, 217 A.2d at 471. This proposition was cited with approval in *State v. Walsh,* 113 R.I. at 122, 318 A.2d at 466, and later in *State v. Cipriano,* 430 A.2d at 1261.

As early as 1909, our court has recognized that assault with a dangerous weapon is included within a charge of murder, if the facts can support the conviction. *State v. Casasanta,* 29 R.I. 587, 598, 73 A. 312, 317 (1909). Describing the charges in ascending order, the court stated that " '[t]he lowest offence will be assault, the next above it will be battery, the next will sometimes be assault with a dangerous weapon, the next assault with a dangerous weapon with intent to kill, the next manslaughter, the next murder, and the last murder in the first degree. Each one of these, except the last, will be a less crime included in the greater.' " *Id.* Although § 12–17–14, in its present form, was not yet enacted, the statute under consideration in *Casasanta* was essentially the same. *See* G.L. cap. 285, § 24, as amended by C.P.A. § 1185.

Notwithstanding the guidance provided by earlier case law directly on point, defendant urges this court to adopt one of the tests employed in other jurisdictions to determine when an offense should be included in the greater offense charged. The defendant addresses two approaches in particular. The first is known as the "statutory elements" test. *State v. Roden,* 384 N.W.2d 456, 457 (Minn.1986) (cannot commit greater offense without also commit-

ting lesser offense); *State v. Cimino*, 126 N.H. 570, 575–76, 493 A.2d 1197, 1202 (1985) (lesser included offense cannot contain elements different from greater); *State v. Spearin*, 477 A.2d 1147, 1158 (Me. 1984) (impossible to commit greater offense without committing lesser). In these states it is impossible to be convicted of a lesser offense unless each statutory element of the lesser offense is also present in the greater offense. *State v. Cimino*, 126 N.H. at 576, 493 A.2d at 1202 (driving a vehicle while possessing controlled substance not lesser included offense to transporting a controlled substance with intent to dispense because elements different); *cf. People v. Rivera*, 186 Colo. 24, 28–29, 525 P.2d 431, 434 (1974) (although statutory elements not identical no error in instruction to jury when lesser offense supported by evidence). Therefore, the lesser offense must necessarily be committed whenever the greater offense is.

The defendant, in the alternative, requests that we adopt a "pleading" or "indictment" theory used in several other states in determining when an offense is properly before a jury as one that is a lesser included offense. This approach allows a jury to consider a lesser offense if such an offense is contained in the indictment as the means by which the greater offense was committed. *See Dorsey v. State*, 490 N.E.2d 260, 268 (Ind.1986) (instruction on lesser offense unnecessary if lesser offense not contained in information); *State v. Madrid*, 108 Idaho 736, 702 P.2d 308, 309–10 (1985) (lesser offense alleged in indictment as means of committing greater). The defendant cites *State v. Marino*, 190 Conn. 639, 653, 462 A.2d 1021, 1029 (1983), for a clear enunciation of the pleading theory. The *Marino* court stated that, "[t]he trier may not find a defendant guilty of a lesser offense unless (1) it is not possible to commit the greater offense, in the manner described in the charging documents, without having first committed the lesser * * *." *Id.* Therefore, unless the lesser offense is sufficiently described in the indictment or information, the jury may not properly be instructed on such an offense.

In his efforts to convince this court to embrace an approach similar to the "statutory elements" or "pleading" theories employed in other jurisdictions, defendant failed to note the courts that apply a standard not unlike our own when facing a dilemma on a lesser-included-offense instruction. *See United States v. Whitaker*, 447 F.2d 314, 319 (D.C.Cir.1971) (impractical to use strict "statutory elements" approach);[2] *Elisovsky v. State*, 592 P.2d 1221, 1226 (Alaska 1979) ("cognate approach" focuses upon facts in indictment to determine whether defendant had notice of possible lesser offense). For example, the United States Court of Appeals for the District of Columbia, in rejecting a strict statutory-elements approach, firmly stated:

> "A more natural, realistic and sound interpretation of the scope of 'lesser included offense,' in line with our own views on the subject, is that defendant is entitled to invoke Rule 31(c) when a lesser offense is established by the evidence adduced at trial in proof of the greater offense, with the caveat that there must also be an 'inherent' relationship between the greater and lesser offenses, i.e., they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense."

*Whitaker*, 447 F.2d at 319; *see Elisovsky v. State*, 592 P.2d at 1226 (notice to defendant is key issue); *see also People v. Steele*, 429 Mich. 13, 19–22, 412 N.W.2d 206, 208–10 (1987) (citing *Whitaker* decision with approval and rejecting need for strict mechanical formula).

Accordingly we decline to follow the stricter approaches employed in other juris-

---

**2.** Recently the Supreme Court of the United States adopted the "statutory elements" test to establish a lesser included offense under Rule 31(c) of the Federal Rules of Criminal Procedure. *Schmuck v. United States*, —— U.S. ——, ——, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734, 746 (1989). This court, however, remains in agreement with the rationale employed by the United States Court of Appeals for the District of Columbia in rejecting this particular approach. *See United States v. Whitaker*, 447 F.2d 314, 319 (D.C.Cir.1971).

dictions specifically for the reasoning espoused in *Raposa*. In 1966 we emphatically stated:

"This court will not, even by indirection, reintroduce technicality into the pleading of criminal offenses. It was the purpose of the legislature in enacting the pertinent provisions of G.L.1956, chap. 12 of title 12, to eliminate such technicality in criminal pleading. We do not propose now to burden the state with the task of alleging specifically in an indictment * * * a description of every mechanism by which an assault intended to accomplish murder may be committed." *Raposa*, 100 R.I. at 519, 217 A.2d at 471.

In this particular case, the state charged the defendant with two counts of assault with intent to murder in violation of § 11–5–1. The statute requires only that the intent to murder be accompanied by some type of assault. It is undisputed that the defendant effectuated the assault with a gun, and he should not now be able to assert that the state, in charging him with assault with intent to murder, failed to put him on notice of a possible conviction of assault with a dangerous weapon.

For the reasons stated, the defendant's appeal is denied and dismissed, and the judgment of the Superior Court affirmed.