STATE

v.

Richard C. YATES.

No. 89–52–C.A.

Supreme Court of Rhode Island.

April 2, 1990.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Annie Goldberg, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

KELLEHER, Justice.

The defendant, Richard C. Yates (Yates), was charged by indictment with two counts of first-degree sexual assault in violation of G.L.1956 (1981 Reenactment) § 11–37–2, as amended by P.L.1987, ch. 238, § 1 and § 11–37–3. On September 19, 1989, a Superior Court jury found Yates guilty of two counts of the abominable and detestable crime against nature in violation of G.L. 1956 (1981 Reenactment) § 11–10–1. Yates now appeals, raising only one issue. A brief review of what preceded the present appeal is necessary.

The record indicates that during the course of the jury trial two young boys, aged fourteen and sixteen, were called to testify. Each indicated that he struck up a friendship with defendant, Yates, in 1987. Each also testified that he had had a sexual encounter with Yates. At the time of these incidents one boy was thirteen and the other fifteen. Following lengthy testimony concerning the incidents and at the close of arguments, the trial justice instructed the jury as follows: "If you find the defendant is not guilty of the crime of First Degree Sexual Assault as charged in this indictment, you must proceed to determine if the defendant is guilty or not of the lesser included crime of Abominable and Detestable Crime Against Nature." The trial justice then proceeded to instruct the jury

concerning the elements of the offense of the abominable and detestable crime against nature. Defense counsel objected to the instruction, arguing that the crime against nature was not a lesser included offense of first-degree sexual assault. He then requested that the trial justice instruct the jury concerning the elements of the offense of simple assault. The trial justice denied defense counsel's request. Then, as stated earlier, the jury returned guilty verdicts on two counts of the abominable and detestable crime against nature.

Yates's appeal is founded on a single issue, that involving the instructions of the trial justice. He contends that the trial justice committed reversible error when he informed the jury that it could find Yates guilty of abominable and detestable crimes against nature. Yates argues that because the statutory elements of this offense are not necessarily included in the charged offense of first-degree sexual assault, such offense cannot be considered to be a lesser included offense of that crime. Therefore, Yates argues, his conviction should be vacated since he was not given notice of the fact that he was being charged with the abominable and detestable crime against nature. In so arguing, Yates urges this court to reconsider yet again the present law of this jurisdiction on the issue of lesser included offenses. Because we find the law of this jurisdiction to be clear and proper on this issue, we conclude that no error was committed by the trial justice in his charge to the jury.

■ This court recently addressed this issue in *State v. Dordain,* 566 A.2d 942 (R.I.1989). There following a jury trial a defendant was convicted of one count of assault with intent to murder and one count of assault with a dangerous weapon. This court held (1) the fact that assault with a dangerous weapon was not specifically alleged in the information did not preclude the jury from considering the charge, and (2) assault with a dangerous weapon is a lesser included offense of assault with the intent to murder. *Id.* at 948.

A brief recapitulation of our analysis in that case will suffice.

First, we stated that "it is unnecessary for an indictment to contain each and every element of a lesser offense for it to be properly included within the charge." *Id.* at 945. *See also State v. Raposa*, 100 R.I. 516, 519, 217 A.2d 469, 471 (1966). We then cited G.L.1956 (1981 Reenactment) § 12–17–14 and Rule 31(c) of the Superior Court Rules of Criminal Procedure as authority for a conviction of a lesser offense included within the indictment of a greater offense.[1] *Dordain*, 566 A.2d at 945–46. Consequently we concluded, "Because there is sufficient authority for a jury instruction on a lesser-included offense to the crime charged, defendant is effectively put on notice of the possible conviction of a lesser offense supported by the evidence, and may adequately prepare a defense." *Id.* at 946.

Finally we examined closely the approach of other jurisdictions relative to the issue of lesser included offenses. At the conclusion of this examination we reaffirmed our use of the "inherent relationship" approach and rejected the approach known as the statutory-elements test. *Id.* at 946–48. The statutory-elements approach is championed by Yates in the case at bar.

Yates attempts to buttress his argument by directing this court to the holding of the United States Supreme Court in *Schmuck v. United States*, —— U.S. ——, 109 S.Ct. 1443, 103 L.Ed.2d 734, *reh. denied*, —— U.S. ——, 109 S.Ct. 2091, 104 L.Ed.2d 654 (1989). In that case the United States Supreme Court rejected the inherent-relationship test and adopted the statutory-elements test under Rule 31(c) of the Federal Rules of Criminal Procedure, which is the Federal counterpart of our Rule 31(c) of the Superior Court Rules of Criminal Procedure. *Id.* at ——, 109 S.Ct. at 1450, 103 L.Ed.2d 746.

The defendant in *Dordain* also cited the case of *Schmuck* in his argument to this court. We responded that "[t]his court, however, remains in agreement with the rationale employed by the United States Court of Appeals for the District of Columbia in rejecting this particular approach." *Dordain*, 566 A.2d at 947 n.2. That rationale, as enumerated in *United States v. Whitaker*, 447 F.2d 314 (D.C.Cir.1971), is stated as follows:

"A more natural, realistic and sound interpretation of the scope of 'lesser included offense,' in line with our own views on the subject, is that defendant is entitled to invoke Rule 31(c) when a lesser offense is established by the evidence adduced at trial in proof of the greater offense, with the caveat that there must also be an 'inherent' relationship between the greater and lesser offenses, i.e., they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." *Id.* at 319.

In the case at bar the crime of abominable and detestable crime against nature was inherently related to the crime of first-degree sexual assault. The lesser offense was established by the evidence adduced at trial. The physical act required to

---

**1.** General Laws 1956 (1981 Reenactment) § 12–17–14 provides:

"Conviction of lower offense or attempt.— Whenever any person is tried upon an indictment, information, or complaint and the court or jury, as the case may be, shall not be satisfied that he is guilty of the whole offense, but shall be satisfied that he is guilty of so much thereof as shall substantially amount to an offense of a lower nature, or that the defendant did not complete the offense charged, but that he was guilty only of an attempt to commit the same, the court or jury may find him guilty of such lower offense or

guilty of an attempt to commit the same, as the case may be, and the court shall proceed to sentence such person for the offense of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offense."

Rule 31(c) of the Superior Court Rules of Criminal Procedure provides:

"*Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

consummate both offenses was identical. Clearly the offenses relate to the protection of the same interests. The only difference in the offenses in the case at bar was the material factual dispute concerning whether the acts were consensual in nature or the result of force or coercion.

Accordingly we hold that the offense of an abominable and detestable crime against nature is a lesser included offense of the offense of first-degree sexual assault in this case because of the inherent relationship between the two. Therefore, we find that the trial justice's instructions to the jury concerning abominable and detestable crimes against nature were completely proper and even served to protect Yates. *See State v. Hockenhull*, 525 A.2d 926, 930 (R.I.1987), where this court noted that "absent such an instruction, a jury may erroneously convict a criminal defendant of the principal offense charged, despite the prosecution's inability to prove an element of that offense, when the jury is convinced that defendant's conduct was criminal."

For the reasons stated, the defendant's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed.