**STATE**

v.

**Ace NORTHRUP.**

**No. 91–581–C.A.**

Supreme Court of Rhode Island.

Oct. 15, 1992.

James E. O'Neil, Atty. Gen., James Caruolo, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for petitioner.

Richard Casparian, Public Defender, Paula Rosin, Barbara Hurst, Asst. Public Defenders, for respondent.

## OPINION

PER CURIAM.

This case came before the court for oral argument on October 2, 1992, pursuant to an order directed to both parties to appear and show cause why its appeal should not be summarily decided.

■ After considering the argument and memoranda of counsel, we are of the opinion that the parties failed to show cause. The defendant raised five issues on appeal. The defendant's first contention is that the charge of resisting arrest is a lesser-included offense to the charge of assault upon a uniformed police officer and that, accordingly, his conviction of resisting arrest should be set aside on double-jeopardy grounds. We disagree. In *State v. Dordain*, 566 A.2d 942, 947 (R.I.1989), and *State v. Yates*, 571 A.2d 575, 577 (R.I.1990), this court adopted the inherent-relationship test to determine whether an offense is a lessor-included offense. Because the acts required to prove resisting arrest are not clearly identical to the acts required to prove assault on a police officer, we conclude that there was no double-jeopardy violation.

■ We also find the remainder of defendant's arguments to be without merit. The trial judge did not err in refusing to instruct the jury that it could not convict simply because it did not believe defendant's testimony. Evidence other than defendant's testimony supported a finding of guilt in this case, and therefore, defendant was not entitled to such an instruction. *State v. Mattatall*, 603 A.2d 1098, 1109 (R.I.1992).

In addition the trial judge did not err in allowing Officer Paul Mitchell to testify about migraine headaches since Officer Mitchell's head injury was directly at issue in the case.

■ The defendant also argues that the trial judge erred in allowing the prosecutor to question the defendant about prior drug convictions and the use of drugs on the night of the incident with Officer Mitchell. We believe the defendant opened the door to this line of questioning by discussing them on direct examination.

For the aforesaid reasons the defendant's appeal is denied and dismissed. The judgment of Superior Court is hereby affirmed.