STATE

v.

Jorge **LOPES**.

Nos. 93–342–MP, 94–408–M.P.

Supreme Court of Rhode Island.

June 22, 1995.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., Lauren S. Zurier, Sp. Asst. Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Asst. Public Defender, R. Daniel Prentiss (ACLU), Lynette Labinger (Gay & Lesbian Advocate), Mary June Ciresi (RI Criminal Defense Lawyers), Providence, for defendant.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court following our grant of cross-petitions for the issuance of writs of certiorari filed by the Attorney General and the defendant. After a Superior Court jury trial the defendant, Jorge Lopes, was found guilty of two counts of the abominable and detestable crime against nature in violation of G.L.1956 (1981 Reenactment) § 11–10–1. The trial justice granted defendant's motion for arrest of judgment filed under Rule 34 of the Superior Court Rules of Criminal Procedure.[1] For the reasons that follow, we quash the order of the Superior Court and remand the case for the imposition of sentence.

This defendant was charged with four counts of first-degree sexual assault pursuant to G.L.1956 (1981 Reenactment) § 11–37–2, as amended by P.L.1987, ch. 238, § 1. At trial the victim testified that defendant had coerced her into accompanying him to his residence. Once there, defendant forced her to submit to one act of vaginal intercourse, one act of anal intercourse, and two acts of oral intercourse. The defendant also testified at trial. He admitted to three of the four acts alleged by the victim but stated that the victim had consented to them. He denied engaging in one of the charged acts of oral intercourse.

In *State v. Yates*, 571 A.2d 575, 578 (R.I.1990), we held that "the offense of an abominable and detestable crime against nature is a lesser included offense of the offense of first-degree sexual assault * * * because of the inherent relationship between the two." We also held that the instruction on the lesser included offense was proper because it gave the defendant some protection against being convicted of the greater crime. *Id.* Prior to *Yates* this court stated

"that a criminal defendant is entitled to an instruction on a lesser included offense if such an instruction is warranted by the evidence. * * * As a matter of practice, we require that a lesser included offense instruction be given when warranted on account of the danger that, absent such an instruction, a jury may erroneously convict a criminal defendant of the principal offense charged, despite the prosecution's inability to prove an element of that offense, when the jury is convinced that the defendant's conduct was criminal." *State v. Hockenhull,* 525 A.2d 926, 930 (R.I. 1987).

Consent is not a defense to a charge of a crime against nature under § 11–10–1.

---

1. Rule 34 of the Superior Court Rules of Criminal Procedure provides in pertinent part: "The court on motion of a defendant shall arrest judgment if the indictment, information or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. The motion shall be made * * * ."

The jury acquitted defendant on all four counts of first-degree sexual assault, but it found him guilty of the lesser included offenses, two acts of committing the abominable and detestable crime against nature. After the guilty verdicts were rendered, defendant filed a motion for arrest of judgment pursuant to Rule 34. In his motion defendant argued that § 11–10–1 unconstitutionally infringed on his right to privacy and that its application to unmarried persons violated the equal-protection provisions of the Federal and State Constitutions.

In his decision on the motion for arrest of judgment the trial justice correctly stated that defendant's privacy argument is foreclosed by this court's decision in *State v. Santos*, 122 R.I. 799, 413 A.2d 58 (1980). In that case we held the constitutional right to privacy recognized in *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), is not applicable to the commission of unnatural copulation between unmarried adults. 122 R.I. at 818, 413 A.2d at 68. The trial justice also held § 11–10–1 is neutral on its face, applying to "[e]very person" who commits the act that falls within its scope. Therefore, the trial justice concluded that § 11–10–1 facially met the requirements of the equal-protection clause.

Although defendant himself was not married to the victim, the trial justice nevertheless decided that § 11–10–1 could not be constitutionally applied to *married* persons because it would violate their fundamental right of privacy. That particular issue was never raised at trial and could not have been under the factual posture of the case. It was therefore not before the trial justice for decision. The trial justice also held that married persons' right of privacy constitutionally permitted them to engage in crimes against nature. He reached this hypothetical conclusion even though the right of privacy has never been so broadly interpreted by either this court or the United States Supreme Court.

Finally, notwithstanding our holding in *Santos* that unmarried persons have no fundamental right of privacy to commit crimes against nature, the trial justice reasoned that married persons and unmarried persons are similarly situated for purposes of equal-protection analysis. Therefore, he ruled that it would violate the equal-protection clause to apply § 11–10–1 to defendant's conduct. On this basis, the trial justice granted defendant's motion to arrest judgment.

Although defendant claimed violation of both his state and his federal constitutional rights, the trial justice based his decision entirely on the federal equal-protection clause. We have held that the state and federal equal protection guarantees are coextensive. *In re Advisory From The Governor*, 633 A.2d 664, 669 (R.I.1993); *Kleczek v. Rhode Island Interscholastic League, Inc.*, 612 A.2d 734, 740–41 (R.I.1992).

Our order granting the state's petition for the issuance of a writ of certiorari was based on the state's claim that the trial justice erroneously interpreted the equal-protection clause of the Fourteenth Amendment as it applied to § 11–10–1. We later granted defendant's cross-petition "solely in respect to the issue decided by the trial justice in granting the motion in arrest of judgement." We denied the petition with respect to all remaining issues defendant had raised in his petition. Those issues included the allegedly selective prosecution of defendant and the allegedly unconstitutional penalty imposed by § 11–10–1. Still later, we clarified the scope of our original order and instructed the state to respond "to that portion of the defendant's brief which addressed the issue of privacy."

Amicus briefs have been filed in support of defendant's position by the Gay and Lesbian Advocates and Defenders and a coalition of interested civil rights groups (hereafter collectively GLAD) and also by the Rhode Island Affiliate of the American Civil Liberties Union (ACLU) and by the Rhode Island Association of Criminal Defense Lawyers (RIACDL).

In spite of the limitations we had set, the amici and defendant have raised constitutional arguments that were either not raised in the Superior Court or were specifically placed outside the scope of review by our orders in this proceeding.

The GLAD amicus brief, for example, asks the court to consider the unconstitutionality

of § 11–10–1 as it applies to homosexuals. We cannot consider this issue because the case before us involves heterosexual conduct only. The ACLU amicus brief argues issues related to the allegedly arbitrary enforcement of § 11–10–1. That issue was not raised in the trial court and was not mentioned in defendant's petition for certiorari. The ACLU also makes a selective-prosecution argument as well as an argument about the constitutionality of the penalty imposed by § 11–10–1. Review of both these issues was explicitly denied in our order. The RIC-DLA's amicus brief argues that the application of § 11–10–1 violates constitutional principles concerning vagueness and arbitrary enforcement as well as violating the requirement that charges be proved beyond a reasonable doubt. None of those issues were raised in the trial court or in the petitions filed by the state or defendant. Our consideration will be confined to the issues of privacy and equal protection.

 As the trial justice acknowledged, in *State v. Santos,* 122 R.I. 799, 413 A.2d 58 (1980), this court ruled that a decision of unmarried adults to engage in private consensual sexual activities is not of such a fundamental nature and is not so implicit in the concept of ordered liberty as to warrant its inclusion in the guarantee of personal privacy. We also held that the prosecution of an unmarried person for a violation of § 11–10–1 was constitutional. We reached those conclusions after a detailed review of the series of United States Supreme Court cases that began with *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), and included *Bowers v. Hardwick,* 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986); *Carey v. Population Services International,* 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977); and *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).

None of the fundamental rights enunciated in those cases involving family relationships, marriage, or procreation bear any resemblance to the right asserted in this case. In addition any claim that those cases stand for the proposition that any kind of private sexual conduct between consenting adults is constitutionally insulated from state proscription

is unsupportable. *Bowers v. Hardwick,* 478 U.S. at 191–94, 106 S.Ct. at 2844–46, 92 L.Ed.2d at 146–48.

Consequently we must conclude that the trial justice was in error in failing to apply our clear holding in *Santos* to the only issue that was properly before him.

For these reasons the Attorney General's petition for a writ of certiorari is granted, defendant's petition for a writ of certiorari is denied and the writ heretofore issued to the defendant is quashed. The trial justice's order holding § 11–10–1 unconstitutional is quashed. The papers in the case are remanded to the Superior Court with our decision endorsed thereon.

BOURCIER, J., did not participate.