STATE

v.

**Paul CHIARADIO and
Stephen C. Turrisi.**

No. 94–639–M.P.

Supreme Court of Rhode Island.

June 30, 1995.

Jeffrey Pine, Atty. Gen., Jane McSoley, Aaron Weisman, Asst. Attys. Gen., Lauren S. Zurier, Sp. Asst. Atty. Gen., for plaintiff.

Neil P. Philbin, Robyn K. Cossack, Kirshenbaum & Kirshenbaum, Cranston, Edward H. Newman, Westerly, for defendant.

OPINION

PER CURIAM.

This declaratory-judgment action before the Supreme Court addresses a question certified to us by the Superior Court of Washington County. At issue is whether G.L. 1956 (1981 Reenactment) § 11–10–1 may constitutionally prohibit certain types of sexual contact between unmarried consenting heterosexual adults. The certified question reads:

"Is the criminal prosecution under Section 11–10–1 of an unmarried consenting heterosexual adult who engages in an act of cunnilingus prohibited by the defendant's constitutional right to equal protection of the laws?"

We conclude that the state may constitutionally prosecute an unmarried consenting heterosexual adult who engages in an act of cunnilingus, and therefore, we answer the certified question in the negative.

A statement of facts was stipulated by the parties to be true only for the purposes of deciding the certified question. The defendants, Paul Chiaradio (Chiaradio) and Stephen C. Turrisi (Turrisi), were each charged with committing, among other things, an abominable and detestable crime against nature, in violation of § 11–10–1, after each man performed an act of cunnilingus upon a different exotic dancer during a bachelor party in Westerly, Rhode Island.

Both Turrisi and Chiaradio separately moved to dismiss a count of cunnilingus in violation of § 11–10–1. Chiaradio specifically based his motion on a decision of the Superior Court that declared that § 11–10–1 is unconstitutional. In State v. Lopes, 660 A.2d 707, —— (R.I.1995), the trial justice found that the application of § 11–10–1 to the defendant in that case violated the equal-protection clauses of both the State and the Federal Constitutions.

On August 4, 1994, the state moved to certify this issue to this court pursuant to G.L. 1956 (1985 Reenactment) § 9–24–27. In its motion, the state noted that it was awaiting this court's review of the Lopes case.

In their argument before this court, defendants stated, "It is the belief of both Defendants Chiaradio and Turrisi that this Court's decision in State v. Lopes will be dispositive of the issues presented herein." We agree. In Lopes we held that the application of § 11–10–1 to the defendant did not implicate any fundamental rights "involving family relationships, marriage or procreation." 660 A.2d at 709. We therefore quashed the trial justice's conclusion that § 11–10–1 was unconstitutional. Hence, we must answer the certified question before us in the negative.

In State v. Santos, 122 R.I. 799, 818, 413 A.2d 58, 68 (1980), this court held that the right to privacy does not apply "to the private unnatural copulation between unmarried adults." With the "right to privacy" avenue of inquiry closed, the trial justice in Lopes held that, because § 11–10–1 could not be constitutionally applied to married persons, it could not be constitutionally applied to unmarried persons, whom the judge found similarly situated with respect to the purposes of the statute. The trial justice therefore concluded that the application of § 11–10–1 to unmarried persons violated the equal-protection clause.

In quashing the trial justice's decision in Lopes, this court held that the trial justice erred by failing to apply the holding of Santos. Lopes, 660 A.2d at 709. We stated in Lopes:

"None of the fundamental rights enunciated in [the United States Supreme Court] cases involving family relationships, marriage or procreation bear any resemblance to the right asserted in this case. In addition any claim that those cases stand for the proposition that any kind of private sexual conduct between consenting adults is constitutionally insulated from state proscription is unsupportable." Id. (citing Bowers v. Hardwick, 478 U.S. 186, 191–94, 106 S.Ct. 2841, 2844–46, 92 L.Ed.2d 140, 146–48 (1986)).

Given this court's holdings in Santos and Lopes, and given that both defendants have conceded that our holding in Lopes is dispositive of our response, we are compelled to answer the certified question in the negative.

Because an unmarried adult does not have a privacy right to engage in unnatural acts (*Santos* and *Lopes* ), it is clear that he or she may be prosecuted for engaging in an act of cunnilingus.

The papers in the case may be remanded to the Superior Court for further proceedings.

BOURCIER, J., did not participate.