BENCH DECISION
Before this Court is the defendant Edward F. McGovern's motion to dismiss Count 7 alleging violation of the abominable and detestable crime against nature Also before this Court is defendant Edward F. McGovern and defendant Phillip P. O'Donnell's motion for judgment of acquittal on Counts 5, 6, 8 and 9 charging the defendants with first and second degree sexual assault. Additionally defendant Edward F. McGovern moves this Court to dismiss Count 5 charging him with first degree sexual assault for allegedly performing cunnilingus on the complaining witness on the grounds that the State has failed to produce sufficient evidence of same.
The State objects to such motions. First with respect to the constitutionality of § 11-10-1, the State relies on several Rhode Island Supreme Court cases including State v. Chiaridio, arguing that such cases have addressed the equal protection inquiry and maintained the constitutionality of the statute The State also objects to the defendants' motion to dismiss Counts 5, 6, 8, and 9 asserting that the State has produced sufficient evidence of the alleged victim's physical helplessness and noting that the complaining witness' testimony indicated she was physically ill, and that such illness prevented her from communicating her unwillingness to the acts alleged. The State also relies on definition of physically helpless in the Texas case of Elliott v. State in support of its assertion.858 S.W.2d 478, 484 (1993). Lastly, the State also objects to defendant Edward F. McGovern's motion to dismiss Count 5 on the grounds that the State has produced adequate evidence to prove guilt beyond a reasonable doubt that Mr. McGovern engaged in cunnilingus with the complaining witness.
 Constitutionality of G.L. § 11-10-1
First this Court will address the defendant's renewed motion to dismiss the count alleging an abominable and detestable crime against nature pursuant to Rule 12(b) of the Rhode Island Rules of Criminal Procedure.[1]
Specifically, the defendants assert that the statute unlawfully discriminates between married heterosexual partners and unmarried heterosexual partners in violation of their constitutional equal protection rights.
The case of State v. Santos was the first of three key cases in Rhode Island to discuss the disparate treatment between unmarried and married couples in abominable and detestable crimes against nature cases. 122 R.I. 799, 413 A.2d 58 (1980). The defendant in Santos averred that § 11-10-1 violated his right to engage in private consensual activities under the state and federal constitutions. Id. at 66. Viewing narrowly the United States Supreme Court's holdings in Eisenstadt, supra, and Doe v.Commonwealth's Attorney, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976) the Court concluded the decision of an unmarried adult to engage in private consensual activity is not protected by the right of privacy. Id. at 68
Noting that although § 11-10-1 may not infringe on the right to privacy it may treat similarly situated persons differently, the issue of equal protection was meticulously addressed and decided in Justice Wiley's exceptional trial court decision of State v. Lopes ("Lopes I") which this court has revisited in its research and analysis. 1994 R.I. Super 154, P1/90-3789. Recognizing in that decision, as this Court does here, that the original underlying purpose in enacting §11-10-1 was to prevent immoral behavior, the remaining inquiry is whether married and unmarried persons are similarly or dissimilarly situated with respect to the morality of consensual sexual acts. Id.
Relying in great part on the United States Supreme Court case of Eisenstadt v. Baird, which struck down a Massachusetts statute prohibiting the distribution of contraceptives to unmarried adults, Justice Wiley concluded that because § 11-10-1 could not be constitutionally applied to married couples, its unequal application to unmarried couples was unconstitutional405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). This Court agrees.
On appeal the Rhode Island Supreme Court in State v. Lopes
("Lopes II"), the second of the three key cases, noted Justice Wiley's equal protection discussion but stated "[t]hat particular issue was never raised at trial and could not have been under the factual posture of the case. It was therefore not before the trial justice for decision." 660 A.2d 707, 709 (R.I. 1995) The Court, relying on its "clear holding in Santos," then continued with its analysis ultimately holding that the right of privacy
did not extend to the decision of unmarried adults to engage in private consensual activities. Id. at 710. [Emphasis added]. As a result, the equal protection argument was left unaddressed.
In the last case of the trinity, State v. Chiaridio, the Rhode Island Supreme Court was presented with the specific certified question: "Is the criminal prosecution under Section11-10-1 of an unmarried consenting heterosexual adult who engages in an act of cunnilingus prohibited by the defendant's constitutional right to equal protection of the laws?"660 A.2d 276, 277 (R.I. 1995).
Although the Court purported to address the equal protection issue in its brief opinion, a close reading of the opinion reveals that it failed to do so. First the Court summarily attempted to decided that there was no equal protection violation but did not set forth any standard, rule of law, or analysis thereto. Instead, relying exclusively on the privacy cases ofSantos and Lopes, neither of which decided or examined the concept of equal protection, the Court recycled and repackaged the same privacy issue in equal protection wrapping. The Court ultimately held "[b]ecause an unmarried adult does not have aprivacy right to engage in unnatural acts (Santos and Lopes), it is clear that he or she may be prosecuted for engaging in an act of cunnilingus." Id. at 278. [Emphasis added.] "Given this court's holdings in Santos and Lopes . . . we are compelled to answer the certified question in the negative." Id. at 277. With the privacy issue decided for the third time, the Supreme Court left the equal protection argument open and undecided. This Court declines to take out the constitutional rototiller once again, and has considered and researched the defendant's equal protection claim on the merits.
To begin, this Court notes that contrary to the circumstances in Lopes II, the defendants in the instant matter have specifically raised this issue for the court's determination.
Article 1, Section 2 of the Rhode Island Constitution states that no person shall "be denied equal protection of the laws." Our State Constitution provides individuals with similar equal protection guarantees as those contained in the Fourteenth Amendment to the United States Constitution. State v. Lopes,660 A.2d 707, 709 (R.I. 1995); Landmark Medical Center v. Gauthier,635 A.2d 1145, 1152 (R.I. 1994). Before determining whether a statute complies with equal protection standards, a statute is presumed to be valid. Kennedy v. State, 654 A.2d 708, 712 (R.I. 1995). Thus the party challenging the constitutional validity bears the burden of persuading the Court that the statute violates an identifiable aspect of the state or federal constitution. Id.
In their motion the defendants assert that the enforcement of § 11-10-1 can only be constitutionally applied against unmarried sexual partners because married sexual partners enjoy a constitutionally protected right of privacy of the marital bedroom. See Griswold v. Connecticut, 381 U.S. 479 (1965).
In order for such a distinction to withstand constitutional inquiry, the classification "`must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'"Eisenstadt v. Baird, 405 U.S. 438, 447, 92 S.Ct. 102, 1035, 31 L.Ed.2d 349, 359 (1972)(quoting Royster Guano Co., v. Virginia,253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 ( 1920)). The Equal Protection Clause denies the States "the power to legislate that difference treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of the statute." Id.
The intent behind § 11-10-1 was to proscribe "all unnatural copulation" without regard to the status of the parties. See State v. Milne, 95 R.I. 315, 321, 187 A.2d 136, dismissed, 373 U.S. 542, 10 L.Ed.2d. 687, 83 S.Ct. 1539 (1962),Coyote v. Roberts, 502 F. Supp. 1342, 1346 (D. R.I. 1980). In essence § 11-10-1 proscribes the identical conduct for married persons and unmarried persons irrespective of consent. However, in light of such United States Supreme Court cases asBowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140, U.S. reh. denied, 107 S.Ct. 29 (1986), and Griswold v.Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), which recognized the constitutional protection afforded rights involving family, marriage, and procreation, the Rhode Island Supreme Court, through its decisions has impliedly recognized that § 11-10-1 cannot be constitutionally applied to married adults.[2] Yet the application of § 11-10-1 to conduct between unmarried adults has been consistently upheld. See,Chiaridio, 660 A.2d 276; Lopes, 660 A.2d 707 (R.I. 1995); Santos,413 A.2d 58 (R.I. 1980); State v. Burgess, 465 A.2d 204 (R.I. 1983); State v. Levitt, 371 A.2d 596 (R.I. 1977).
The violation of equal protection in the case at bar is not a matter of conduct but of relationship. Unmarried adults are subject to § 11-10-1 not because of the conduct in which they engage but because of the relationship between them. Such a distinction bears no rational relationship to the purported objective of the statute.[3]
In light of the above reasoning, this Court is dismissing Court 7 charging Edward F. McGovern with committing an abominable and detestable crime against nature. The Court will, upon the return of the jury instruct the jurors that this charge is no longer before them and that they are not to draw any inferences for or against the defendants or the State. In consideration of this Court's finding of the unconstitutionality of § 11-10-1, this Court need not address the inherent unfairness of having to present diametrically opposed defenses when the abominable and detestable crime against nature is regarded as a lesser included offense under State v. Yates, 571 A.2d 575 (R.I. 1990).
This Court also notes the fundamental conflict when the State charges a defendant with one count on the basis of nonconsent, and for the same conduct, another count irrespective of consent. The State cannot have it both ways as it attempted to do so here. In a Chambers Conference on March 19, the State did in fact concede that it would pursue that first degree charges on the basis of nonconsent, and the abominable and detestable charges on the basis that consent occurred.
 COURT: ". . . I just want the record to be clear that based on what I'm being told, whatever instructions I giver that may filter out, it's going to be based on abominable and detestable that's consensual.
 Mr. DAMBRUCH: "That's correct, Judge."
 Motion for Judgment of Acquittal
The defendants next move this Court for a judgment of acquittal on Counts 5, 6, 8 and 9. The defendants assert their motion on the basis that the State has failed to present any evidence that the complaining witness was physically helpless. In particular, the defendants assert that there was no evidence adduced by the State that the alleged victim was `physically unable to communicate'.
The defendant Edward F. McGovern also moves the Court to dismiss Count 5 on the basis that there is insufficient evidence that the defendant performed cunnilingus upon the complaining witness.
A motion for judgment of acquittal at the close of the State's case is governed by Rule 29(a) of the Superior Court Rules of Criminal Procedure which provides that the Court on the motion of the defendant or on its own motion may order the entry of judgment of acquittal of one or more offenses charged in the indictment after the evidence on either side is closed if "the evidence is insufficient to sustain a conviction on such offense or offenses."
"When presented with a motion for judgment of acquittal, the trial justice must determine whether the evidence offered by the state is capable of generating proof of guilt beyond a reasonable doubt." State v. LaRoche, 683 A.2d 989, 995 (R.I. 1996)(citingState v. Harnois, 638 A.2d 532, 536 (R.I. 1994)). "In making that determination, the trial justice is confined in his analysis of the state's evidence to view the trial evidence in the light most favorable to the state, without weighing or evaluating the evidence, or assessing the credibility of the trial witness." Id. (citing State v. Clark, 603 A.2d 1094, 1097 (R.I. 1992). In making the determination, "circumstantial and direct evidence should be given equal weight." State v. McLaughlin, 621 A.2d 170, 177 (R.I. 1993)(citing State v. Wilshire, 509 A.2d 444, 452 (R.I. 1986)).
In denying a motion for judgment of acquittal "the State need not prove its case beyond a reasonable doubt nor disprove every `inference of innocence' by the defendant in order to defeat a motion for judgment of acquittal." State v. Grundy,582 A.2d 1166, 1170 (R.I. 1990)(quoting State v. Caruolo, 524 A.2d 575, 582 (R.I. 1987)).
The Court will address the defendants' joint motion first.
The defendant Edward F. McGovern was charged in Counts 5 and 6 with first and second degree sexual assault for allegedly committing an act of cunnilingus and engaging in breast contact upon the complaining witness without consent when he knew or should have known the victim was physically helplessness. G.L. §§ 11-37-2, 11-37-4. The defendant Phillip P. O'Donnell was also charged in Counts 8 and 9 with first and second degree sexual assault for allegedly engaging in sexual intercourse and breast contact with the complaining witness when he knew or should have known she was physically helpless. G.L. §§11-37-2, 11-37-4.
The applicable statutes set forth the same basis elements of the above charges differing only with respect to whether sexual contact or penetration occurred. Specifically the State must prove the following elements: 1. the defendant engaged in sexual contact or penetration; 2. with a person not his/her spouse; 3. and knows or has reason to know at the time of the sexual contact or sexual penetration; 4. the victim is physically helpless. Physically helpless is defined by G.L. § 11-37-1 as meaning a person who is unconscious, asleep, or for any other reason is physically unable to communicate unwillingness to an act. The defendants dispute in this motion whether there is sufficient evidence produced by the State regarding the element of physical helplessness.
The evidence presented by the State regarding the events of the act in question consisted mainly of the testimony of the alleged victim. Without assessing the credibility of the victim, the Court will review the facts presented at trial.
The complaining witness testified that on the evening in question she had consumed a number of alcoholic beverages while working at the Yellow Kittens Tavern. After consuming several alcoholic beverages, she testified that she starting feeling ill and nauseous with a headache. The complaining witness further testified that at one point she left her place at the bar and went to the bathroom, having difficulty walking to the door. Upon returning from the bathroom, the complaining witness testified that she felt very ill, fell to the floor and was immobile. When asked what she did after Mr. McGovern approached her, the victim testified "I lie there." The complaining witness' testimony further reveals that she couldn't lift her arms very well, was "very sick to my stomach," and further stated "every which way I could feel bad, I did." After the State asked if the complaining witness was able to get up, she responded "No."
The testimony adduced by the State also reveals that no conversations took place while the alleged acts were committed against the complaining witness, and further that she was unable to move her hand by her own volition during the alleged act of sexual intercourse by defendant O'Donnell.
On recross, the complaining witness further testified that she "could barely move" and "was sick." Although the testimony of the alleged victim reveals that she was able to nod and respond at one point when Mr. Capizzano was on top of her, there is no evidence that the victim did so during the alleged acts committed by defendants McGovern and O'Donnell. Sections 11-37-2 and11-37-4 do not require that the victim be physically unable to communicate her unwillingness the entire evening or even the entire time while on the floor, only during the time in which the alleged sexual acts occurred with the defendants in question.
Viewing such evidence in the light most favorable to the state, and without assessing the weight of the evidence or the credibility of the witness, this Court finds that the evidence offered by the State is capable of generating proof beyond a reasonable doubt and is sufficient to submit the issue to the jury for determination. The defendants' joint motion is denied.
With regard to defendant McGovern's individual motion for judgment of acquittal on the basis that there is insufficient evidence regarding the act of cunnilingus, the Court reaches the same result. Cunnilingus, as defined by State v. Beaulieu is the licking or kissing of the female genitalia, actual vaginal penetration is not necessary. 674 A.2d 377 (R.I. 1996).
Applying the same standard for consideration of motion for judgment of acquittal as discussed previously, the Court will view the evidence in the light most favorable to the State without weighing or evaluating the evidence, or assessing the witness' credibility.
Again, the evidence produced by the state with respect to the alleged act was provided by the complaining witness. In several responses to the State's questions, the complaining witness testified that defendant McGovern "did go down to my private area and he was kissing. . . ." Upon direct inquiry about what Mr. McGovern was doing to the complaining witness' vagina, she responded "mostly just kissing and rubbing his face. I could feel his beard. I knew it was him." The complaining witness further testified that she felt Mr. McGovern "kissing and touching and rubbing her vagina."
Reviewing the above testimony and in consideration of the applicable standard, this Court finds that the element of sexual penetration allegedly committed by Edward F. McGovern, namely, cunnilingus, is supported by the evidence produced by the State. As a result, this Court has determined that evidence offered by the State is capable of generating proof beyond a reasonable doubt and the defendant's motion is therefore denied.
[1] Defendants originally moved prior to trial for dismissal and/or severance on the general basis that enforcement of §11-10-1 violated their equal protection rights on the basis of gender and the classification of alleged sex offenders. See
Defendants' Motion, December 17, 1997.
[2] `Unmarried' meaning not married to each other.
[3] Moreover, sexual acts between two consenting heterosexual adults cannot be said not to involve matters of family, and procreation when they occur when two unmarried adults wish to procreate.